### BRILL v. BARNETT.

#### (Supreme Court, Appellate Term. April 24, 1900.)

TRIAL—EXCLUSION OF EVIDENCE.

In an action to recover for work done in sponging cloth at defendant's order, a counterclaim was based on plaintiff's failure to perform an alleged agreement to examine all cloth, and advise defendant of any defects, and defendant testified that he had no conversation with plaintiff at the time that the particular goods in question were sent. *Held* that, it appearing that the cloth in question was but a part of several lots sent at different times, it was error to exclude evidence as to the counterclaim, on the ground that the matter had been covered by the testimony.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Soloman Brill against Abraham M. Barnett. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Ralph Barnett, for appellant.

Leon H. Prince, for respondent.

PER CURIAM. It appears that proof in support of the defendant's counterclaim was improperly excluded, and there should be a new trial of the cause. The plaintiff's claim was for work done in sponging cloth at the defendant's order, and the counterclaim was based upon the plaintiff's failure to perform an alleged agreement, whereby he had undertaken to examine all cloth thus sent to him, and to advise the defendant of defects before sponging in order that the defendant might cause the cloth to be returned to the jobber from whom he had purchased it. In answer to the court the defendant had stated that he had no conversation with the plaintiff at the time the particular goods were sent, and, apparently, this was taken by the court and by the plaintiff's counsel as meaning that at no time had there been any conversation or course of dealing between the parties from which the agreement, alleged by the defendant, was to be inferred, since all future evidence to this end was excluded, not for inartificiality in the form of the questions, but on the ground that the matter had been already covered by the testimony. The cloth which was the subject of the counterclaim was but a part of several lots sent at different times to the plaintiff at the defendant's order, and the fact that nothing was said when one lot was sent did not conclude the issue of an agreement, as against the defendant, if the agreement could have been established by prior conversations, or by a course of dealing, or by some well-defined and recognized custom of the trade.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.